R. E. L. JOHNSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 47804.   Promulgated January 25, 1932.

B. B. *Turner*, *Esq.*, for the petitioner.
O. W. *Swecker*, *Esq.*, for the respondent.

OPINION.

LANSDON: The respondent asserts deficiencies in income taxes for the years 1925, 1926, 1927 and 1928, in the respective amounts of $4.08, $51.93, $125.25 and $82.88. Petitioner claims that certain income which he received in the taxable years as compensation for services rendered as chief special counsel under the back-tax law of the State of Arkansas is exempt from Federal taxation under the provisions of section 1211 of the Revenue Act of 1926. In an amendment to his petition, permitted at the hearing and duly filed in writing, petitioner also asks for a deduction from his gross income for each taxable year on account of one dependent member of his family.

The petitioner is a lawyer. For a number of years he served as a judge of the Second Judicial Circuit of Arkansas and retired

from the position in 1922. The next two years thereafter he was a traveling salesman for the Thomas Law Book Company of St. Louis. Throughout the years 1925, 1926, 1927 and 1928 he resided in Little Rock, Arkansas, and was chief special counsel for the State of Arkansas under the back-tax law of that State. He was selected for this position in conformity with the following provisions of the statutes of Arkansas:

SECTION 10204: *Proceedings.* Where the Attorney General is satisfied from his own investigations or it is made to appear to him by the statement in writing of any reputable taxpayer of the State, that, in consequence of the failure from any cause to assess and levy taxes, or because of any pretended asssessment and levy of taxes upon any basis of valuation other than the true value in money of any property hereinafter mentioned, or because of any inadequate or insufficient valuation or assessment of such property, or undervaluation thereof, or from any other cause, that there are overdue and unpaid taxes owing to the State, or any county or municipal corporation, or road district, or school district, by any corporation upon any property now in this State which belonged to any corporation at the time such taxes should have been properly assessed· and paid, it shall become his duty to at once institute a suit or suits in chancery in the name of the State of Arkansas, for the collection of the same, in any county in which the corporation owing such taxes may be found, or in any county in which any part of such property as may be found, or in any county in which any part of such property as may have escaped the payment in whole or in part of the taxes as aforesaid may be situated, in which suit or suits the corporation owing such taxes or any corporation claiming an interest in any such property as may have escaped taxation as aforesaid, shall be made a party defendant, and the Governor is authorized to employ any attorneys that may be necessary to assist the Attorney General in such suits; provided, that this act shall be construed as retrospective as well as prospective in operation. Act March 12, 1913, p. 724.

SECTION 10205: *Compensation of Special Counsel.* In all cases where the Governor has appointed, or may hereafter appoint, special counsel under Section 10204 to assist the Attorney General in the collection of overdue taxes from corporations, such special counsel shall receive a reasonable compensation for his services, dependent upon recovery, and to be fixed by the chancery court trying said cause; but in no case shall such counsel receive more than twenty per cent of the amount recovered. Act May 30, 1911, p. 324.

As chief special counsel under the back-tax law of Arkansas the petitioner worked in connection with the attorney general. He had an office in the Statehouse at Little Rock and was permitted to use the clerical and stenographic assistants in the office of the attorney general without charge. His duties were to investigate corporations and individuals as to the sufficiency of taxes paid, to report the result of such investigations to the attorney general and to prosecute in the State courts for the collection of taxes not properly assessed and collected. He employed local attorneys as special assistants in the various counties of the State. Such special counsel, under the direction of the petitioner, investigated local taxpayers and, where such

action was necessary, sued in the courts for the collection of taxes wrongfully assessed and withheld. For the successful prosecution of such suits the courts were authorized to allow a commission not in excess of 25 per cent of the amounts collected, but in all cases during the four years in which the petitioner was engaged in the work of back-tax collections the commission allowed was 20 per cent. If, after investigation, any back taxes were collected without suit the commission on such collection was fixed by the attorney general. From the commissions so determined the fees of local special counsel and other costs, including all travel expenses, were deducted and the remainder constituted the compensation of the petitioner and the sums of such remainders for each of the four taxable years makes up the income here involved.

Petitioner had no written contract with the attorney general of Arkansas or with the State. His appointment had no fixed term. He took no oath of office. He made reports regularly to the attorney general and his accounts were subject to audit at all times. Throughout the taxable years he devoted his entire time to his work under the back-tax law of Arkansas, engaged in no other law practice, and had no other professional engagements or associations.

In our opinion the facts here bring this proceeding within the principles of our decision in *W. J. Howard*, 10 B. T. A. 62, and *David A. Reed*, 13 B. T. A. 513. Howard was a lawyer engaged by certain Texas cities to practice his profession in their behalf. Reed was engaged by the Commonwealth of Pennsylvania to conduct a lawsuit to collect State taxes alleged to be due from the Frick estate. He had only one case, while the petitioner has as many as he and his local attorneys throughout the State could find. Each was engaged in the collection of taxes due the State. This Board decided the *Howard* and *Reed* cases adversely to the petitioners. Each was reversed by the appropriate circuit court of appeals and such decisions were, in their turn, reversed by the Supreme Court without opinion. *Lucas* v. *Howard*, 280 U. S. 526; *Lucas* v. *Reed*, 281 U. S. 699. On these issues the determination of the respondent is affirmed. See also, *Metcalf* v. *Mitchell*, 269 U. S. 514; *Mesce* v. *United States*, 64 Ct. Cls. 481; *J. F. Roberts*, 13 B. T. A. 438; affd., 44 Fed. (2d) 168.

At the hearing the petition was amended to include a claim for an additional deduction from gross income in each taxable year on account of a dependent member of the petitioner's family. The petitioner testified that during the years in question he supported a mentally defective daughter, who was then and always will be unable to support herself. The petitioner has proved that he sup-

ported a dependent during the years in question. The respondent, in his amended answer, admits that no deduction on account of such dependent was taken in the petitioner's income-tax return for any of the years here under review. On this issue the petitioner prevails.

*Decision will be entered under Rule 50.*